April 6, 1908.

————————o————————

No. 4404.

Court of Appeal, Parish of Orleans.

J. V. ROCA VS. WIDOW LIZZIE HUHNER.

MOTION TO DISMISS.

When, from the motion and order of Appeal, it is clear that it is

the litigant, through his counsel, who complains of the judgment and who prays for and is granted the appeal, such an appeal will not be dismissed because of some slight confusion in the pronouns used.

Appeal from Civil District Court, Division "C."

A. J. Rossi, for Plaintiff and Appellee.

Merrick, Lewis, Gensler & Schwarz, for Defendant and Appellee.

Zengel, Thomas & Suthon, for Defendant and Appellee.

Gus. Lemle & I. R. Saal, for Defendant and Appellant.

MOORE, J. Appellee moves the dismissal of this appeal on the ground that there is no appellant before this Court who discloses any interest in the subject matter of the ocntroversy, forasmuch as the motion and order of appeal are not made in behalf of the parties to the suit, but are made in behalf of the counsel of one of the parties—the person called in warranty.

The motion and order here in question read:

"On motion of Gustave Lemle and Irving R. Saal, of counsel for F. H. Huerkamp, and on suggesting to the Court that there is error to the prejudice of *mover* in the judgment rendered herein on the 25th day of November, 1907, and signed on the 3rd day of December, 1907; and that *mover* desires to appeal therefrom suspensively and devolutively to the Honorable the Court of Appeal for the Parish of Orleans.

"It is ordered by the Court that *mover* be and *he* is hereby granted an appeal, suspensive and devolutive, from the judgment rendered herein on the 25th day of November, 1907, and signed on the 3rd day of December, 1907, returnable to the Court of Appeal for the Parish of Orleans on the fourth Monday of December, 1907, upon *his* furnishing bond with good and solvent surety in the sum of four hundred ($400.00) dollars, conditioned as the law directs."

The italicized words show clearly enough that it was Huerkamp, thew arrantor, through his counsel, who complained of the judgment and prayed for and was allowed the appeal, and the record shows that it was he who gave the bond.

The rule announced in Alba vs. Provident, etc., Society, 118

La. 1021-30, to the effect that when fro mthe motion and order of appeal it is clear that it is the litigant, through his counsel, who complains of the judgment and who prays for and is allowed the appeal, such appeal will not be dismissed because of some slight confusion in the pronons used, applies here.

The motion is denied.

March 9, 1908.

Rehearing refused March 23, 1908.

## ON MERITS.

The law does not provide any special method of conveying notice to a party of the acceptance to become surety on a contract. If from the circumstances of the case it is shown that the offerer as surety on a building contract has knowledge brought to him of the acceptance of the contract and of his offer through the actions of the principals on the contract and his own participation as a furnisher of supplies to be used on said contract, he making no inquiry about the matter nor formally withdrawing his offer, he must be deemed to have waived formal notice, and is estopped from urging the want of it.

ESTOPINAL, J.  Joseph V. Roca sued to recover of Widow Lizzie Huhner, femme sole, the sum of two hundred and twenty-eight dolars and one cent ($228.01), averring in his petition that in the month of November, 1905, the defendant entered into a building contract with Boero & Dominique, builders, to build and erect a certain building on the property belonging to her, situated on General Taylor Street, in this city; that he furnished building materials which were used in said building, amounting to two hundred and twenty-eight dollars and one cent ($228.01); that he has a lien and privilege on said building, and that his claim has been duly recorded, etc.

Defendant in her answer tenderd the general issue, and called in warranty in this suit, the builders, Boero & Dominique, composed of Oliver Boero and George A. Dominique, and also F. H. Huerkamp, Sr., as surety for Boero & Dominique, on said contract.

There was judgment below in favor of plaintiff for two hundred and twenty-eight dollars and one cent ($228.01), and in favor of Mrs. Huhner and against Boero & Dominique and F. H. Huerkamp, for a like amount.

Huerkamp alone has appealed.

The building contract reads:

New Orleans, Oct. 28, 1905.

"Mrs. Huhner, City.

"Dear Madam: We propose to do the alterations and repairs, as per specifications attached, at your residence, No. 720 General Taylor Street, for the sum of thirteen hundred and fifty ($1350.00) dollars. Respectfully,

(Signed)   BOERO & DOMINIQUE,

F. H. Huerkamp, Sr.

There is no denial by Huerkamp that he signed the contract as surety, nor is it shown or pretended that Huerkamp gave notice of withdrawal of offer to become surety on the contract. He contends, however, that he was entitled to notice of the acceptance of his offer to become surety, and that in default of such notice he cannot be held.

His signature as surety on the same document (building contract) affixed contemporaneously with the signature of the builders, makes his offer, in our opinion, ancilliary to the principal contract, and the acceptance of the latter carried with it an acceptance of the contract of suretyship. The builders were constituted the agents, particularly of the surety. It occurs to us that the near relation which the building contract and the offer of surety bore to each other, made notice of acceptance to the person offering himself as surety, totally unnecessary. At any rate no formal notice of acceptance to the surety in this case was necessary, since it is shown conclusively by this record, first: That Huerkamp knew that Boero & Dominique had been awarded the contract on the Huhner house; and, second, That he, Huerkamp, was furnishing supplies and material used in the construction or alteration of that building.

It is urged by counsel for Huerkamp: "That if the broadest construction possible is placed on Boero's testimony, it would only mean that Huerkamp furnished to Boero & Dominique certain factory work, which he knew was to be used by them in Mrs. Huhner's house."

Says counsel: "Would that constitute notice to Heurkamp that his offer of suretyship had been accepted?" "For ought Huerkamp knew he might not have been satisfactory as surety to Mrs. Huhner, who, before awarding the contract to Boero

170

& Dominique, might have demanded and been furnished other security, etc."

The conditions suggested by counsel did not come to pass however, as the record in this case satisfactorily establishes that knowledge of the acceptance of the contract and his offer of suretyship was brought home to him by the fact that he furnished the factory work for the building, especially as it does not appear that he was then furnishing material on any other contract than that had by Boero & Dominique.

We agree with counsel for the defendant (Huhner), that a strong presumption is raised, not only that Huerkamp had notice of the acceptance of the contract carrying with it acceptance of his offer of suretyship through dealings with the builders, but that his selection by the builders as furniser of the factory work was conditional upon the acceptance of the contract on which he offered as surety.

Of course, we do not, for an instant, combat the well established jurisprudence to the effect that the party offering himself as surety must be given notice of such acceptance, but we do not think that it is necessary that such notice be given in some formal or stereotyped way. The law does not provide any special method of conveying such notice. If from the circumstances of the case it is shown on a building contract that the offerer as surety has knowledge brought to him of the acceptance of the contract and of his offer, through the actions of the principals on the contract and his own participation as a furnisher of supplies to be used on said contract, he making no inquiry about the matter nor formally withdrawing his offer, he must be deemed to have waived formal notice, and is estopped from urging the want of same.

Just such a condition we find in the case at bar. None of the authorities cited appear to fit the case, the determination of which must rest on the peculiar circumstances surrounding it, as well as on the reasonable appreciation of all the facts brought out.